**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA**

| | |
|---|---|
| FISHDISH, LLC,<br><br>               Appellant,<br><br>vs.<br><br>VEROBLUE FARMS USA, INC.,<br>BROADMOOR FINANCIAL, L.P. and<br>ALDER AQUA, LTD.<br><br>               Appellees. | Case No. 3:19-cv-03026-CJW-KEM |

## OMNIBUS REPLY TO APPELLEES BROADMOOR FINANCIAL, L.P.'S AND ALDER AQUA, LTD.'S LIMITED OBJECTION, RESPONSE AND RESISTANCE TO APPELLANT FISHDISH, LLC'S MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 7.1

NOW COMES Appellant, FishDish, LLC ("FishDish") pursuant to Local Rule 7(g) with its omnibus reply to Appellees Broadmoor Financial, L.P. ("Broadmoor") and Alder Aqua, Ltd. ("Alder") with their limited objection and resistance to motion to compel Appellees to comply with Local Rule 7.1 of the United States District Court for the Northern District of Iowa ("Motion to Compel"). In support thereof, FishDish respectfully states as follows:

1.    On July 2, 2019, Appellant filed its Motion to Compel due to the failure of Broadmoor to file a disclosure statement and Alder's insufficient disclosure statement under Local Rule 7.1 of the United States District Court for the Northern District of Iowa ("LR 7.1" generally the "Local Rules").

2.    On July 9, 2019, Broadmoor filed its limited objection to the Motion to Compel and argued: (a) LR 7.1 doesn't apply to appeals from the bankruptcy court; (b) the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") apply and do not require disclosure; and (c) the Motion to Compel is a disguised attempt to conduct discovery

3.   Also on July 9, 2019, Alder filed its resistance and (with some overlap with Broadmoor), argued: (a) pursuant to LR 1, the Bankruptcy Rules apply to the instant matter; (b) Alder's May 31, 2019 statement complies with Bankruptcy Rule 8012 and LR 7.1; and (c) FishDish is misusing LR 7.1 to seek information.

## Local Rule 7.1 Governs

4.   The disclosure statement form for LR 7.1 "is designed to enable the involved federal judges to evaluate possible bases for disqualification or recusal."[1]

5.   Appellees argue that, pursuant to LR 1 and LR 8001, the Bankruptcy Rules apply.[2] Fishdish agrees, but this Court's Local Rules, specifically LR 7.1, continue to govern.

6.   LR 1 states, "[e]xcept as otherwise provided or where the context so indicates, the local civil rules *govern* all civil and criminal proceedings." LR 8001[3] states, "[e]xcept as provided in this rule, the Federal Rules of Bankruptcy Procedure… *apply* to all appeals from the United States Bankruptcy Courts." (emphasis added)

7.   Govern is defined as "to direct and control; to regulate; to influence; to restrain; to manage,"[4] whereas apply is defined as "to put to use with a particular subject matter"[5]

8.   There is a canon of statutory construction that "in determining the ordinary meaning of a statute effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant." *In re Cerchione*, 414 B.R. 540, 546 (B.A.P. 9th Cir. 2009). Although here the language is a Local Rule and not a statute, the canon nevertheless applies.

---

[1] LR 7.1, Northern Dist. Of Iowa
[2] *See* Dkt. 20, p. 1; Dkt. 21, p.1
[3] This is Local Rule 8001, titles in the table of contents to the local rules as "LR 8001 BANKRUPTCY APPEALS" not to be mistaken for Federal Rule of Bankruptcy Procedure 8001
[4] *Govern, Ballentine's Law Dictionary* (2010).
[5] *Apply, Black's Law Dictionary* (11th ed. 2019).

9. The limited variations enumerated in the LR 8001 deal with procedure and not substance: *i.e.* page length requirements, lawyer admission and electronic filing.

10. LR 8001 in no way abrogates the governance of the LR 7.1, which regulates and manages the integrity of the judicial process here in the Northern District of Iowa by exposing any potential conflicts of interest. An appeal from a bankruptcy court in no way diminishes the necessity for a federal judge to ensure the absence of such conflict.

11. Additionally, a plain reading of the rule also supports the governance of LR 7.1 to bankruptcy appeals. The definition of "plaintiff" is "the party complaining in an action or proceeding," or "a person who brings a suit, action, bill, or complaint."[6] Additionally, a bankruptcy appeal <u>is</u> a civil matter.[7] For the purposes of a bankruptcy appeal in a district court, the plaintiff is clearly the appellant, likewise, the defendant is the appellee.

12. Broadmoor's declaration that "[t]he court obviously knows it does not own any interest in Broadmoor" is presumptuous and irrelevant. The purpose of LR 7.1 is not to inform the judge about personal interests, but to evaluate if there is a conflict or another basis for recusal.[8] Further, the Court does not, in fact, know whether it owns an interest – direct or indirect – in Broadmoor because Broadmoor has never disclosed its interest holders or members. Likewise, the offer of providing the information *in camera* denigrates the spirit of LR 7.1. The Court and participating litigants are entitled to full disclosure for the purpose of determining whether recusal is proper. Neither Broadmoor nor Alder has provided any cause as to why this precept should not hold true in the instant matter.

---

[6] *Plaintiff, Ballentine's Law Dictionary* (2010).
[7] *See Cody v. Micale*, Civil Action No. 7:19-MC-4, 2019 U.S. Dist. LEXIS 98333 (W.D. Va. June 10, 2019) (ruling that debtors in bankruptcy proceedings do not enjoy the right of appointment of counsel in a bankruptcy because it is a civil matter).
[8] LR 7.1, Northern Dist. Of Iowa

3

### Alder's Disclosure Statement Does Not Comply with LR 7.1

13. Despite its new insistence that LR 7.1 is inapplicable, Alder did in fact file an inadequate disclosure statement in this appeal.

14. Alder did not list the name of any individual, trust, or even what type of investment device owns Alder. The deliberate opacity of the disclosure statement divulges no information whatsoever that would aid this Court in making any type of recusal determination. Alder has not complied with LR 7.1.

### Compliance with LR 7.1 is Not a Hidden Discovery Request

15. Appellees also argue that FishDish's motion to compel compliance is a hidden attempt to conduct discovery. Alder supports this allegation by citing the timing of an email from counsel for defendants ("The Founders") in civil litigation with the Debtors, VeroBlue Farms, asking for addresses. It remains unclear how an address request is even vaguely related to the Motion to Compel.

16. Alder is employing the logical fallacy of *post hoc ergo proctor hoc*. The temporal relation of these two events bears no indication on any causal link.

17. The Motion to Compel compliance with LR 7.1 is a conflict check, not a discovery request. Appellees' arguments to the contrary are specious.

WHEREFORE, Appellant FishDish, LLC respectfully request that this Courts (i) compel Appellees Broadmoor Financial, L.P. ("Broadmoor") and Alder Aqua, Ltd. ("Alder") to submit disclosure statements compliant with Local Rule 7.1; and (ii) provide any further relief deemed just and proper.

4

Dated:  June 16, 2019                          Respectfully submitted,


                                               **FISHDISH, LLC**


                                               By:  ___/s/ John W. Guzzardo_____
                                                        One of Its Attorneys

                                               John R. Walker
                                               **Beecher, Field, Walker, Morris, Hoffman**
                                               **& Johnson, P.C.**
                                               Court Square Building
                                               620 Lafayette St., Suite 300
                                               P.O. Box 178
                                               Waterloo, IA 50704
                                               Phone: (319) 234-1766
                                               jwalker@beecherlaw.com

                                               **-** and -

                                               Aaron L. Hammer
                                               John W. Guzzardo
                                               Stavros S. Giannoulias
                                               **Horwood Marcus & Berk Chartered**
                                               500 W. Madison, Suite 3700
                                               Chicago, IL 60661
                                               Phone: (312) 606-3200
                                               ahammer@hmblaw.com
                                               jguzzardo@hmblaw.com
                                               sgiannoulias@hmblaw.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, **OMNIBUS REPLY TO APPELLEES BROADMOOR FINANCIAL, L.P.'S AND ALDER AQUA, LTD.'S LIMITED OBJECTION, RESPONSE AND RESISTANCE TO APPELLANT FISHDISH, LLC'S MOTION TO COMPEL COMPLIANCE WITH LOCAL RULE 7.1**, to be filed electronically in the United States District Court for the Northern District of Iowa on July 16, 2019. Notice and a copy of this filing will be served upon all counsel of record by operation of the Court's CM/ECF electronic filing system.

By: /s/ John W. Guzzardo