**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

FISHDISH, LLC,

               Appellant,

vs.

VEROBLUE FARMS USA, INC.,
BROADMOOR FINANCIAL, L.P., and
ALDER AQUA, LTD.,

               Appellees.

No. 19-CV-3026-CJW-KEM

**MEMORANDUM OPINION AND
ORDER**

———————————

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................... 3

II.    STANDARD OF REVIEW................................................... 3

III.   RELEVANT BACKGROUND .......................................... 4

IV.   ANALYSIS........................................................................ 6

     A.    Standing................................................................. 6

     B.    Motion to Dismiss and Equitable Mootness ................... 8

     C.    Bankruptcy Court's Legal Determinations and Factual Findings .......... 8

          1.    Discovery ...................................................... 8

          2.    Amended Disclosure Statement....................... 11

          3.    Confirmation Plan ........................................ 14

a. Section 1129(a)(1) and (b) ...................................... 14

b. Section 1129(a)(3) Good Faith ............................... 16

    i. Challenge Notice Claims.............................. 17

    ii. Marketing Debtor Equity ............................. 17

    iii. Funding Requirements ................................. 18

    iv. Culling and Clove Oil ................................. 19

    v. Frivolous Litigation.................................... 19

    vi. Adequate Funding...................................... 20

    vii. Corporate Governance ................................ 20

c. Section 1129(a)(7)(A)(ii)-Best Interests of
Creditors Test .................................................... 20

d. Feasibility Under Section 1129(a)(11) ....................... 22

D. Broadmoor's Claim ............................................. 23

V. CONCLUSION ............................................................. 24

2

# I.    INTRODUCTION

This matter is before the Court on remand from the Eighth Circuit Court of Appeals. *In re VeroBlue Farms Inc.*, 6 F.4th 880 (8th Cir. 2021). FishDish, LLC ("appellant") appealed the Bankruptcy Court for the Northern District of Iowa's Order Confirming a Chapter 11 Plan ("Plan Confirmation"). (Doc. 72). Alder Aqua, Ltd., VeroBlue Farms USA, Inc., and Broadmoor Financial L.P. (collectively "appellees") timely resisted. Appellee Broadmoor filed a brief on the issues. (Doc. 79). Appellee Alder Aqua filed a Renewed Motion to Dismiss Appeal, joined by Broadmoor, seeking dismissal of appellant's appeal of the Plan Confirmation. (Doc. 83). Appellee VeroBlue, joined by Broadmoor, filed a brief on the issues. (Doc. 85). Appellant timely resisted the Renewed Motion to Dismiss. (Docs. 93, 99). Appellee Alder Aqua timely filed a response (Doc. 100), and appellant responded (Doc. 101). The Court also heard oral argument. (Doc. 102). For the following reasons, the Court **denies** appellee Alder Aqua's Motion to Dismiss and **affirms** the bankruptcy court.

# II.    STANDARD OF REVIEW

Title 28, United States Code, Section 158(a) provides: "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges." An appeal to a district court "shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a). "To elect to have an appeal heard by a district court, a party must: (1) file a statement of election that conforms substantially to the appropriate Official Form; and (2) do so within the time prescribed by 28 U.S.C. § 158(c)(1)." FED. R. BANKR. P. 8005. Appellant elected to appeal to the district court under Title 28, United States Code, Section 158(a)(1) and complied with the requirements for appeal. Thus, jurisdiction in this Court is proper.

Case 3:19-cv-03026-CJW-KEM   Document 103   Filed 04/12/22   Page 3 of 25

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." *In re Falcon Prods., Inc.*, 497 F.3d 838, 840-41 (8th Cir. 2007) (quoting *In re Fairfield Pagosa, Inc.*, 97 F.3d 247, 252 (8th Cir. 1996). For a decision to be clearly erroneous, it must "strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729 (8th Cir. 2001). Here, appellant challenges the legal determinations and factual findings made by the bankruptcy court and asks the Court to review them.

## III.  *RELEVANT BACKGROUND*

Appellant appealed the Court's order granting appellees' motion to dismiss appeal and partial motion to dismiss appeal. The Eighth Circuit Court of Appeals affirmed the Court's dismissal of appellant's appeal of the Claim Objection Order. The Eighth Circuit did, however, reverse and remand the Court's dismissal of appellant's appeal of the Plan Confirmation on grounds of equitable mootness.

Appellee, VeroBlue Farms USA, Inc. ("debtor"), is a fish farming business that raises and sells fish. (Doc. 76–13, at 9). Debtor financed the growth of its business by selling $28 million preferred shares to Alder Aqua, Ltc. ("Alder Aqua") and $6 million preferred shares to FishDish. (*Id.*, at 7). It raised another $29 million through a secured lending facility that the original creditor (Amstar Group, LLC) transferred to Broadmoor Financial L.P. ("Broadmoor"). (*Id.*). Debtor failed to raise the quality and quantity of fish it anticipated and to find a reliable market for the fish it did produce. (*Id.*, at 7–8). After a change in management and failure to secure additional funding, debtor sought to implement a comprehensive restructuring under Chapter 11 of the Bankruptcy Code. (*Id.*, at 8–9).

On September 21, 2018, debtor filed for bankruptcy. (Doc. 76–3, at 3). Bankruptcy proceedings were held before the Honorable Thad J. Collins, Chief

Bankruptcy Judge for the Northern District of Iowa. (*Id.*). The United States Trustee ("UST") appointed an official Unsecured Creditors Committee ("UCC") to which the bankruptcy court granted additional time to investigate claims and liens. (*Id.*, at 2). FishDish also formed an Ad Hoc Committee of Equity Holders ("AHC"). (Doc. 4–5, at 182). On December 19, 2018, the UCC, joined by the AHC, filed Challenge Notice Claims. (Doc. 76–3, at 3). In January, February, and March of 2019, the bankruptcy court held hearings on issues raised by the Challenge Notice Claims. (*Id.*, at 4). Judge Collins confirmed the Plan on May 7, 2019. (*Id.*, at 18).

Under the Plan, appellant was unable to recover any of its investment because debtor did not have enough funds to pay any equity holders. (*Id.*, at 9). The bankruptcy court found debtor was so insolvent that even under alternative plans there would likely not be enough funds to pay equity holders. (*Id.*). Appellant objected to the Plan, was overruled, and appealed to this Court. (*Id.*, at 2).

Appellant raises several issues on appeal. First, appellant argues the bankruptcy court improperly denied discovery requests during the bankruptcy proceeding that would have revealed information essential to resolving its claims. (Doc. 72, at 23). Second, appellant argues the bankruptcy court did not provide the requisite notice and opportunity to object to an Amended Disclosure Statement that also lacked sufficient information. (*Id.*, at 28). Third, appellant asserts the bankruptcy court erred in entering the Confirmation Order because the plan (1) did not treat equity holders equally, (2) was not proposed in good faith, (3) was not in the best interest of creditors, and (4) was not feasible. (*Id.*, at 31–40).

Appellant alleges these errors occurred throughout the bankruptcy proceeding and wrongly contributed to the Plan's confirmation. (*Id.*, at 5–7). Specifically, appellant appeals the following orders: the March 20, 2019, Order Approving Amended Disclosure Statement; the April 3, 2019, Order Denying Protective Motion of the Ad

Hoc Committee; the April 16, 2019, Order Denying Motion of Preferred Equity Shareholder FishDish for Leave to Initiate Limited Discovery; and the three orders confirming the plan. (*Id.*, at 5). Appellant also challenges Broadmoor's claim as part of this appeal. (Docs. 72, 99, 101).

## IV.    ANALYSIS

Appellee Alder Aqua argues that appellant's appeal should be dismissed: 1) for lack of standing and 2) on equitable grounds. (Doc. 83). Appellant argues that: 1) it has standing, 2) that the bankruptcy court abused its discretion when it barred discovery, 3) that the bankruptcy court erred by entering the Disclosure Statement Approval Order, and 4) that the bankruptcy court should not have confirmed the Chapter 11 plan because the Plan does not meet various requirements set forth under Title 11, United States Code, Section 1129(a). (Doc. 72). For the following reasons, the Court **denies** appellee Alder Aqua's Renewed Motion to dismiss and **affirms** the bankruptcy court.

### A.    Standing

On remand, the parties continue to argue whether appellant has standing although the Eighth Circuit Court of Appeals did not address that question. *In re VeroBlue Farms USA, Inc.*, 6 F.4th at 891. This Court, however, previously held that it "would find that appellant would have standing as an aggrieved person." (Doc. 44, at 13). Appellant argues that this is now the law of the case because appellees did not appeal the Court's ruling on this issue and the Eighth Circuit did not remand the issue. (Doc. 72, at 22). The Court agrees.

"The law of the case is a doctrine that provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Morris v. American Nat. Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). Properly applied, the doctrine allows courts and parties to avoid relitigating settled issues and "thus

protect[s] the settled expectations of the parties, ensur[es] uniformity of decisions, and promot[es] judicial efficiency." *Little Earth of the United Tribes, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1441 (8th Cir. 1986). But "a district court may properly depart from an earlier holding 'if convinced that it is clearly erroneous and would work a manifest injustice.'" *Lovett v. General Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992) (quoting *Arizona*, 460 U.S. at 618 n. 8).

The Court finds that the law of the case applies to its prior standing decision. Initially, appellees argued that appellant lacked standing as a person aggrieved—a standard narrower than Article III standing—because appellant has no direct pecuniary interest. (Doc. 9, at 4–5). Now on remand, appellees argue that appellant has neither Article III standing nor standing as a person aggrieved. (Doc. 83, at 3). The parties failed, however, to appeal the Court's ruling that appellant has standing as a person aggrieved and the Eighth Circuit declined to review standing on the record before it. *In re VeroBlue*, 6 F.4th at 891. No "intervening decision from a superior tribunal clearly demonstrates the law of the case is wrong" here. *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 957 (8th Cir. 2019) (explaining that an intervening decision is an exception to the law of the case doctrine.). Absent some showing that the Court's prior decision amounts to a manifest injustice, redeciding this issue now on remand when the parties did not appeal that portion of the Court's decision and the Eighth Circuit declined to address it would cut squarely against the doctrine. Finding no manifest injustice here, the Court rejects appellees' arguments regarding standing and declines to reexamine this question because its prior decision is the law of the case.

Thus, the Court **rejects** this portion of appellee Alder Aqua's Renewed Motion to Dismiss.

## B.    Motion to Dismiss and Equitable Mootness

Appellee Alder Aqua argues in its Renewed Motion to Dismiss Appeal that the Court should again equitably dismiss appellant's appeal.  (Doc. 83, at 9-10).  Courts considering equitable grounds must, before invoking equitable mootness, make an inquiry into:

> the merits of [appellant's] appeal to determine the strength of [appellant's] claims, the amount of time that would likely be required to resolve the merits of those claims on an expedited basis, and the equitable remedies available—including possible dismissal—to avoid undermining the plan and thereby harming third parties.

*In re VeroBlue Farms USA, Inc.*, 6 F.4th at 890.  Having reviewed the record and made the inquiry above, the Court finds that the strength of appellant's claims is weak and will dispose of them without invoking the doctrine of equitable mootness.  Resolution of this case on an expedited basis is long past.  Thus, the Court **denies** appellees' Renewed Motion to Dismiss and proceeds to the merits of appellant's arguments.

## C.    Bankruptcy Court's Legal Determinations and Factual Findings

Having conducted a de novo review of the bankruptcy court's legal determinations the Court finds no error.  The Court also finds no clear error in the bankruptcy court's factual findings.  The Court addresses each of appellant's arguments in turn.

### 1.    Discovery

Appellant argues that on April 16, 2019, the bankruptcy court applied the wrong standard when it found appellant had no colorable claim and denied discovery on that ground.  (Doc. 72, at 5, 23).  Appellant asserts this error deprived it of due process.  (*Id.*, at 23).  Notably, on January 14, 2019, at a hearing on debtor's Disclosure Statement, appellant told the bankruptcy court that it did not need to know anything further, that it had investigated its claims, and it had substantial evidence to make its case.  (Doc. 76-16, at 4-5).  Nevertheless, appellant, after making a representation that

it required nothing further to make its case, insists the bankruptcy court's denial of discovery was error.

As a preliminary matter, the Court finds no merit to appellant's assertion that the bankruptcy court did not read the Challenge Notice before making its discovery decision. (Doc. 72, at 24). Regardless, the parties discussed discovery and the Challenge Notice before the bankruptcy court in hearings on January 14, 2019, March 13, 2019, and March 18, 2019. (Docs. 4-12, 4-13, and 4-14). At the March 18, 2019, hearing, the bankruptcy court gave appellant the opportunity to explain the Challenge Notice Claim at length. (Doc. 4-14, at 19-35). During the course of that hearing, appellant was unable to articulate a claim with any factual basis to the bankruptcy court, despite the existence of "20 pages, single spaced, of highly detailed allegations" contained in its Challenge Notice. (*Id.*, at 25). Provided a final opportunity at that hearing to explain if it had any claim at all, appellant merely concluded "we have asserted claims." (*Id.*, at 61). The bankruptcy court found that appellant only had "lots of questions" and had articulated no claim with a factual basis that could be developed through further discovery. (*Id.*, at 62). The bankruptcy court also noted that the allegations in the Challenge Notice were "fundamentally at odds" with those debtors made against the Founders in an adversarial proceeding. (Doc. 76-3, at 11). Overall, the record shows that the bankruptcy court did carefully consider the Challenge Notice Claims. Thus, the Court **rejects** this portion of appellant's argument.

The Court reviews the bankruptcy court's order denying discovery "for an abuse of discretion, allowing the court 'great latitude' in discovery matters." *Pleasants v. American Exp. Co.*, 541 F.3d 853, 859 (8th Cir. 2008) (quoting *Executive Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 570 (8th Cir. 2008)). The bankruptcy court determined appellant had no claim or standing and thus denied discovery. (Doc. 4-14, at 62). It required some showing that there was standing and "some form of right to

pursue claims that would move [appellant] towards some discovery." (Doc. 4-14, at 9). When Judge Collins denied discovery on April 16, 2019, he did so orally, stating that discovery was denied "for all the reasons stated by the objecting parties, and particularly just implementing the rulings on issues we've dealt with at length before, just reincorporate that as part of my ruling today." (Doc. 4-15, at 8). On April 22, 2019, Judge Collins held a hearing and made an oral ruling on the modified Chapter 11 plan that also addressed whether appellant had any claim. (Doc. 76-7). At that hearing, Judge Collins again ruled that appellant's challenges to the Broadmoor Claim were "barred as untimely or failed for even making a showing of a colorable claim to pursue." (Doc. 76-7, at 10). He also ruled that appellant was barred from further participation in the case and found that "[Appellant] is a party way, way out of the money in this case with essentially a position in the case of the tail wagging the dog." (*Id.*, at 13). In its Order Confirming Plan, Judge Collins also made extensive findings of fact that appellant's claims "did not rise to the level of any colorable claim that would justify further investigation into or prosecution of . . . individuals identified in the Challenge Notice for reasons set forth on the record." (Doc. 76-3, at 10–11). Ultimately, Judge Collins found "[t]he evidence adduced at the hearing shows the absence of any 'colorable claim.'" (*Id.*, at 11).

In sum, the bankruptcy court denied discovery because it determined that appellant was so far out of the money that "it was impossible for any set of facts to allow FishDish or any other equity holder to be able to make a claim that they would be affected in some way in their pecuniary interest or right to receive a distribution under the plan." (Doc. 76-7, at 13). With no set of facts that would lead to allowing equity holders a claim, the proposed discovery could not be reasonably calculated to result in the discovery of relevant evidence. *See Ritchie Special Credit Investments, Ltd. v. U.S. Trustee*, 415 B.R. 391, 402–03 (D. Minn. 2009), *aff'd*, 620 F.3d 847 (8th Cir. 2010).

The bankruptcy court ruled that appellant had no standing, no colorable claim, and its discovery request was untimely.

Thus, the Court finds the bankruptcy court did not abuse its discretion by denying appellant's discovery request when that request was untimely and irrelevant because no set of facts would allow appellant to make a claim, and appellant could assert no claim with a factual basis.

### 2. *Amended Disclosure Statement*

Appellant argues that the March 20, 2019, Order Approving Amended Disclosure Statement improperly approved the March 13, 2019, Amended Disclosure Statement. (Doc. 4-5, at 202). Appellant asserts that the bankruptcy court failed to give it 28 days' notice of the Disclosure Statement, instead giving it only five days' notice and that the notice did not contain adequate information. (Doc. 72, at 30). In total, debtor submitted three Disclosure Statements: the first in December 2018, the second in February 2019 and the third on March 13, 2019. (Doc. 85, at 13). The bankruptcy court concluded there was "adequate and sufficient notice." (Doc. 76-3, at 6–7). For the following reasons, the Court finds the bankruptcy court did not err in failing to give appellant 28 days to object to the Amended Disclosure Statement and that the notice contained adequate information.

Under Rule 2002(b) of the Federal Rules of Bankruptcy Procedure courts "shall give the debtor, the trustee, all creditors and indenture trustees not less than 28 days' notice by mail of the time fixed . . . for filing objections and the hearing to consider approval of a disclosure statement." The Rules also provide for reduction of notice "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause may in its discretion with or without motion or notice order the period reduced." FED. R. BANKR. P. 9006(c)(1). Amended disclosures also frequently do not require the same notice

provided the statutory requirement was met with the initial notice. *See, e.g.*, *In re Berry & Berry Wings, LLC*, No. 3:13-BK-5792-JAF, 2014 WL 6705779, at *5 (Bankr. M.D. Fla. Nov. 26, 2014) (finding a thirteen-day notice period still afforded parties meaningful opportunity to oppose Amended Disclosure Statement); *In re El Comandante Mgmt. Co., LLC*, 359 B.R. 410, 415 (Bankr. D. P. R. 2006) (finding meaningful opportunity to object with only three days' notice); *cf. In re Wintz Companies*, 219 F.3d 807, 810-13 (8th Cir. 2000) (finding, under FRBP 2002(a)(2), that amended sales terms providing 13 days' notice instead of 21 days was adequate because "[t]he initial notice of sale . . . was served on all parties in interest" thus satisfying the statutory requirement).

Here, debtors provided adequate notice with the initial Disclosure Statement filed December 10, 2018. On March 4, 2019, the debtors, Alder Aqua, and the UCC stipulated to the UCC's withdrawal of the Challenge Claims. (Doc. 4-3, at 201). In that stipulation, the parties noted that "because the amendments are discrete changes which are favorable to creditors, the parties believe that further noticing is not necessary." (*Id.*, at 202). In the Order Approving Amended Disclosure Statement, the bankruptcy court

> determined after review of a redline copy of the Disclosure Statement ([Bankr.] Doc. 365) comparing it to the original Disclosure Statement ([Bankr.] Doc. 192) filed herein on December 10, 2018 and having reviewed a redline comparison of the Plan ([Bankr.] Doc. 191) filed on December 12, 2018 with the Plan ([Bankr.] Doc. 364) finds that the Plan ([Bankr.] Doc. 364) incorporates the settlement with the Unsecured Creditors Committee and the Disclosure Statement ([Bankr.] Doc. 365) contain adequate information.

(Doc. 4-5, at 202). In short, the Amended Disclosure Statement added a settlement with the UCC but was otherwise substantially the same. That appellant did not receive 28

days' notice was not error. The Court finds appellant had opportunity to meaningfully object at the March 18, 2019, hearing.

Appellant also argues the March 13, 2019, Amended Disclosure Statement was insufficient because it did not contain the Challenge Notice Claims. (Doc. 72, at 30). But debtor had notice that the UCC was dropping the Challenge Notice Claims on March 5, 2019. (Doc. 4-3, at 201). The March 13, 2019, Amended Disclosure Statement was a redlined version of the December 2018 Disclosure Statement. (Doc. 4-5, at 202). Accordingly, the Court finds the bankruptcy court's order correctly determined that the March 13, 2019, Amended Disclosure Statement contained "adequate information." (*Id*.).

Even if the Amended Disclosure Statement violated the Bankruptcy Rules' notice requirements the Court would find that, here, it constitutes harmless error. *See In re New Concept Hous., Inc.*, 951 F.2d 932, 937–38 (8th Cir. 1991). "Bankruptcy Rule 9005 provides that Rule 61 of the Federal Rules of Civil Procedure applies to cases under the code." *Id*. Rule 61 provides, in relevant part:

> no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for . . . modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.

*Id*. at 938.[1] Because the bankruptcy court determined appellant lacked a colorable claim and had no pecuniary interest in the case, the Court finds that the bankruptcy court would have proceeded and approved the Plan in the same fashion. *See id*. Accordingly, the Court finds upholding the bankruptcy court's March 20, 2019, Order Approving Amended Disclosure Statement is not inconsistent with substantial justice. *See id*.

---

[1] In 2007, Federal Rule of Civil Procedure 61's language was amended in a change "intended to be stylistic only." FED. R. CIV. P. 61.

Thus, the Court finds no error and that the notice given was sufficient to allow appellant to meaningfully object.

### 3. *Confirmation Plan*

Appellant argues that the bankruptcy court should not have confirmed the Plan because it violated various parts of Title 11, United States Code, Section 1129. (Doc. 72, at 31). For the following reasons, the Court finds appellant's argument unavailing.

### a. *Section 1129(a)(1) and (b)*

Appellant argues the Plan does not comply with the applicable provisions of the bankruptcy code in violation of Section 1129(a)(1) because it was wrongly excluded from bidding for equity in violation of Section 1129(b). (Doc. 72, at 31-32). Appellant asserts its exclusion from bidding violates the Supreme Court's decision in *Bank of America v. 203 N. LaSalle*, 526 U.S. 434 (1999). (Doc. 72, at 32). Appellee VeroBlue argues that the *LaSalle* decision addresses claims under Title 11, United States Code, Section 1129(b)(2)(B)(ii), but that in this case the operative section of the bankruptcy code is Section 1129(b)(2)(C) because appellant holds an interest as owner of preferred stock, not as a creditor. (Doc. 85, at 20).

Section 1129(b)(2)(C) provides:

With respect to a class of interests—

(i) the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest; or

(ii) the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property.

14

11 U.S.C. § 1129(b)(2)(C). The bankruptcy court found that the Plan complies with Section 1129(b)(2)(C)(ii) because "no class junior to FishDish will receive property under the Plan." (Doc. 76-3, at 14). Indeed, the bankruptcy court concluded that "the Plan provides for equal treatment of FishDish and Alder" and "[t]he Plan does not discriminate unfairly, because both FishDish and Alder Class 7 interests are treated exactly the same." (*Id.*). The Court finds no error in these findings.

Appellant protests, however, that Alder Aqua wrongly had an exclusive right to participate in funding, violating the Supreme Court's holding in *LaSalle*. (Doc. 72, at 32). In that case, the debtor proposed a plan, with no consideration for the opportunity, allowing only old equity partners to obtain the benefit of equity ownership. 526 U.S. at 454. There, the United States Supreme Court found that the exclusive self-dealing violated Section 1121(b)(2)(B)(ii) because that Plan provided no opportunity for "anyone else either to compete for that equity or to propose a competing reorganization plan." *Id.*; *see also In re Peabody Energy Corp.*, 933 F.3d 918, 925-26 (8th Cir. 2019). No such issue arises here. Nothing dooms the Plan because there was opportunity for others to compete for equity or to propose a plan. *See* 526 U.S. at 454. For example, after debtors' right to "exclusively" file a plan expired "any party in interest willing to propose a plan providing new equity was free to. None did." (Doc 76-3., at 15). InCity Farms, LLC ("InCity"), who appellant wished to partner with, did express possible interest but came to the confirmation hearing without money or a plan in hand. (*Id.*, at 16-17). The record does not show exclusion, but it does show that only Alder Aqua was ready.

In its argument appellant also asserts that the Plan violates Section 1123(a)(4) by not providing the same treatment to equity in appellant's class. (Doc. 72, at 33). That Section requires plans to "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less

favorable treatment of such particular claim or interest[.]" 11 U.S.C. § 1123(a)(4). Alder Aqua was not given preferable treatment for its claims. Like in *Peabody*, Alder Aqua's deal for new equity investment was "consideration for valuable new commitments." 933 F.3d at 925. Here, appellant's argument is meritless.

Thus, the Court finds no error in the bankruptcy court's findings on this ground.

### b.    Section 1129(a)(3) Good Faith

Appellant argues that the Plan fails to meet the good faith requirement of Title 11, United States Code, Section 1129(a)(3) that a plan be proposed in good faith. (Doc. 72, at 33). Appellant asserts debtor proposed the Plan in bad faith because it (1) failed to investigate the challenge notice claims, (2) failed to market the reorganized debtor equity, (3) submitted a plan that would not meet Alder Aqua's funding requirements, (4) decreased the value of the bankruptcy estate by culling fish with clove oil, (5) pursued frivolous litigation; (6) was unfeasible for lack of adequate funding; and (7) violated its corporate governance by approving the Plan without a quorum. (*Id.*, at 33–38). Appellant also alleges that the plan lacks adequate funding and the debtor violated its corporate governance in approving the Plan. (*Id.*, at 38–39).

Section 1129(a)(3) requires that a plan only be confirmed if, among other things, "[t]he plan has been proposed in good faith and not by any means forbidden by law." 11 U.S.C. § 1129(a)(3). "[A] plan is considered proposed in good faith if there is a reasonable likelihood that the plan will achieve a result consistent with the standards prescribed under the Code." *Peabody*, 933 F.3d at 927 (quoting *Hanson v. First Bank of S.D., N.A.*, 828 F.2d 1310, 1315 (8th Cir. 1987)). Courts review a finding of good faith for clear error. *Id.*

In his oral ruling confirming the Plan, Judge Collins found "that the plan was proposed in good faith in its entirety" because it was possible, achievable, and focused on reorganization. (Doc. 76-7, at 21). Judge Collins also found no support in the record

for appellant's arguments that the Plan was not proposed in good faith. (*Id.*, at 20-21; Doc. 76-3, at 11). He also found all of appellant's bad faith "arguments are without merit." (Doc. 76-3, at 17). The Court, in its review of the record, agrees and finds no clear error in those findings. Still, the Court considers each of appellant's arguments on good faith in turn.

### i. Challenge Notice Claims

Appellant asserts that debtor did not investigate the Challenge Notice Claims demonstrating that the proposed plan was not made in good faith. (Doc. 72, at 30). Appellee VeroBlue notes, however, that appellant stated to the bankruptcy court that the UCC did investigate those claims, additional time was taken to investigate those claims, and that the UCC negotiated the value to release those claims. (Doc. 85, at 22). Regardless, appellant provides no more than the bare assertion that the claims were not investigated, which is contrary to the record. Thus, the Court finds that this assertion goes against the weight of the record and finds no clear error in Judge Collins' finding on good faith on this ground.

### ii. Marketing Debtor Equity

Appellant also asserts that debtor actively dissuaded a potential bidder and did not market the reorganized business. (Doc. 72, at 34). Appellee VeroBlue states that no party showed any financial interest in it except for the plan sponsor, Alder Aqua, and appellant with its plan involving InCity, whose plan was contingent, lacking detail, and lacking reliable funding. (Doc. 85, at 22).

Potential bidder InCity's CEO Glenn Ford did offer to partner with VeroBlue and FishDish. (Doc. 76-4, at 16). That offer, however, and the fourteen million dollars InCity would use to fund that plan, was contingent upon an inspection of the fish farming facility because "[InCity] ha[s] not been provided any due diligence in conjunction with this offer and must ensure that the farms are in good working order." (*Id.*). Mr. Ford

testified that he was unaware the recirculation system had frozen up and stated that such equipment failure would impact his decision to go forward because the issue "basically renders the equipment null." (*Id.*, at 7). He also did not retain bankruptcy counsel and did not submit a plan of reorganization believing it better to let the other parties fight it out. (*Id.*, at 9).

The record is clear that InCity was given the opportunity to be heard, declined to submit a plan, and was unprepared to go forward with one at the time of confirmation. Thus, Judge Collins found that InCity's bid did not work because (1) it did not pay out Broadmoor, (2) the UCC, aware of the bid, continued to support the Plan, (3) it only matched or attempted to match Alder Aqua's upfront money, and (4) the proposed partnership with appellant involved no details of what role appellant would take or financial commitment it would make. (Doc. 76-7, at 35-42). Accordingly, the Court finds no clear error in Judge Collins' finding that there was no bad faith on this ground. (Doc. 76-7, at 21).

### iii. *Funding Requirements*

Appellant, in turn, argues that Alder Aqua's funding of the Plan was contingent, and that debtor, because it knew the Plan would not meet Alder Aqua's requirements, proposed the Plan in bad faith. (Doc. 72, at 35–36). Specifically, appellant identifies that part of Alder Aqua's obligation included a $21.4 million equity infusion if an aquifer permit and wastewater permit were acquired. (*Id.*). Such permits were never acquired. (*Id.*). Appellant identifies nothing other than its own speculation that debtor's failure to subsequently acquire those permits shows the Plan was proposed in bad faith. Indeed, as discussed below regarding the feasibility of the plan, the bankruptcy court found issues relating to the permits may be resolved favorably. (Doc. 76-3, at 13–14). So, finding no clear error in Judge Collins' finding that the Plan was proposed in good faith

in its entirety, the Court declines to further entertain appellant's bare assertion of bad faith.

### iv. Culling and Clove Oil

Appellant asserts debtor's culling of fish with clove oil was done in bad faith because debtor willfully decreased the value of the bankruptcy estate and violated federal regulations. (Doc. 72, at 36–37). Appellant VeroBlue resists, noting that the culling was done with the supervision of a certified veterinarian and was approved by the bankruptcy court. (Doc. 85, at 21–22).

Judge Collins found that this argument and claim "are without merit and not supported." (Doc. 76-3, at 10). He found that the culling was carefully conducted with the supervision of a veterinarian. (*Id.*). Testimony also showed, contrary to appellant's assertion, that those federal regulations do not prohibit the culling of fish with clove oil. (*Id.*). Moreover, Judge Collins had, after hearing testimony, authorized debtor's action "find[ing] that the culling was necessary to reduce the Debtors' cash 'burn rate,' and was appropriate." (*Id.*). That the debtor's course of action was authorized by the bankruptcy court completely refutes the idea that it acted in anything but good faith.[2] Thus, the Court finds no clear error on this ground.

### v. Frivolous Litigation

Appellant also asserts appellees acted in bad faith by pursuing litigation against the Founders because it was valueless and failed to maximize the estate for creditors and interest holders. (Doc. 72, at 37–38). Appellee Alder Aqua notes that the litigation was approved by the bankruptcy court. (Doc. 83-1, at 26).

---

[2] Indeed, appellant withdrew this objection at the April 18, 2019, hearing: "I was unaware that specific approval was given. Okay. That's withdrawn." (Doc. 76-4, at 14).

Like the above issue relating to the actions taken to cull fish, the Court finds that the approval of the bankruptcy court completely refutes the idea that the Plan was proposed in bad faith. Thus, the Court finds no clear error in Judge Collins' finding.

### vi. Adequate Funding

Appellant asserts the Plan was unfeasible for lack of adequate funding and proposed in bad faith because appellees knew they would never be responsible for the obligations set forth in the Plan. (Doc. 72, at 38). Appellee VeroBlue notes that appellant does not cite a single unperformed post-confirmation task. (Doc. 85, at 23). The record does not reveal any clear error by the bankruptcy court on this point and no party has cited to any place in the record showing error. Thus, appellant's bare assertion fails.

### vii. Corporate Governance

Appellant speculates that debtor's board violated its corporate governance by approving the Plan without a quorum and thus, the Plan was proposed in bad faith. (Doc. 72, at 38–39). This speculation, however, goes directly against testimony that appellant elicited on cross examination. That testimony shows that a quorum was present at every board meeting where the board acted. (Doc. 76-4, at 10). Appellant presents nothing to show bad faith and the Court finds no clear error in the bankruptcy court's finding of good faith.

### c. Section 1129(a)(7)(A)(ii)-Best Interests of Creditors Test

Appellant also argues that the Plan does not meet the best interest of the creditors test under Title 11, United States Code, Section 1129(a)(7)(A)(ii). (Doc. 72, at 39). Appellant asserts that debtor cannot meet its burden because no inquiry was made into the Challenge Notice Claims and thus, is unable to show shareholders would not have been better off had debtor instead gone through a Chapter 7 liquidation. (*Id.*, at 39-40).

20

Appellant is mistaken that appellees cannot meets its burden by a preponderance of the evidence.

The best interests of creditors test allows a Chapter 11 plan to be confirmed over the objection of the holder of an impaired interest only if the holder:

> will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1129(a)(7)(A)(ii). "The plan proponent bears the burden of proof to establish by a preponderance of the evidence that its plan meets the best interests test." *In re Affiliated Foods, Inc.*, 249 B.R. 770, 787 (Bankr. W.D. Mo. 2000).

Judge Collins found "overwhelming evidence that there will be nothing or very little distribution to the unsecured creditors" and "[w]ith respect to the equity and interest holders, there will be no dividend or property to be distributed to them" in a Chapter 7 liquidation. (Doc. 76-3, at 12). Contrary to the assertion of appellant that no inquiry was made into the Challenge Claims Notice, Judge Collins found credible the testimony of debtor's Chief Restructuring Officer, Alex Moglia, that "if this case were converted to Chapter 7, a Chapter 7 trustee likely will not pursue the lawsuit against the Founders because, among other reasons, there will be no money to fund the likely costly litigation." (*Id.*). That testimony supported the finding that the best interest test was satisfied. (*Id.*). The Court also notes that appellant's assertion goes against the testimony of the United States Trustee who opined that the UCC, having reviewed the Challenge Claims Notice, was confident "that this is the best deal that the unsecured creditors are going to get." (Doc. 83-1, at 37-38). In short, there is nothing in the record to indicate the debtor did not carry its burden by a preponderance of the evidence. Regardless, the bankruptcy court found the Plan did meet the best interest of creditors test and the Court finds no clear error in that finding.

Case 3:19-cv-03026-CJW-KEM   Document 103   Filed 04/12/22   Page 21 of 25

#### d.       Feasibility Under Section 1129(a)(11)

Appellant argues the bankruptcy court confirmed a "plan which would never result in a reorganization." (Doc. 72, at 40). Specifically, appellant asserts, as above, that appellees counted on the contingencies accounted for in the Plan never happening. (*Id.*). Appellees VeroBlue and Alder Aqua argue that the Plan was feasible and appropriately provided contingencies and an upper limit on Alder Aqua's funding. (Doc. 85, at 23; Doc. 83-1, at 30–31).

Title 11, United States Code, Section 1129(a)(11) requires that a "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." The feasibility test "is whether the things which are to be done after confirmation can be done as a practical matter under the facts." *In re Clarkson*, 767 F.2d 417, 420 (8th Cir. 1985) (quoting *In Re: Bergman*, 585 F.2d 1171, 1179) (2d Cir. 1978)). Debtors must show by a preponderance of the evidence that their plans are feasible. *In re Danny Thomas Properties II Ltd. P'ship*, 241 F.3d 959, 963 (8th Cir. 2001). On appeal, the bankruptcy court's feasibility finding is reviewed for clear error. *Id.* at 964; *In re Potts*, 421 B.R. 518, 521 (B.A.P. 8th Cir. 2010).

The bankruptcy court addressed feasibility in the Confirmation Plan. (Doc. 76-3, at 13-14). Judge Collins found the "evidence to conclusively demonstrate Alder's intention and ability to fully fund the Plan." (*Id.*, at 13). In appellant's previously discussed argument on good faith, it noted that two permits were never obtained by debtor. (Doc. 72, at 35-36). But Judge Collins addressed those arguments finding they were "not supported by the evidentiary record" because the record showed that negotiations and emerging technologies may resolve those issues favorably. (Doc. 76-

3, at 13-14).  Thus, the Court finds no clear error in the bankruptcy court's finding that the plan is feasible.

### D.  Broadmoor's Claim

Appellant argues that "if the Broadmoor Claim was equitably subordinated or recharacterized" appellant would be "in the money." (Doc. 72, at 13 n. 10).  Appellee Broadmoor resists arguing that appellant agreed issues relating to it are not appropriate for this appeal and that it is now the law of the case that Broadmoor has a final allowed claim. (Doc. 79, at 3).  Appellee VeroBlue also resists, asserting that the Eighth Circuit's decision "definitively and finally ended all challenges to the Broadmoor claim." (Doc. 85, at 11).

On April 22, 2019, Judge Collins ruled that the resolution of the Broadmoor Claim had "made it impossible for any set of facts to allow FishDish or any other equity holder to be able to make a claim that they would be affected in some way in the pecuniary interest or right to receive a distribution under the plan." (Doc. 76-7, at 13). Further, on appeal from this Court, the Eighth Circuit affirmed this Court's dismissal of appellant's appeal of the April 18, 2019, Claim Objection Order.  *In re VeroBlue Farms USA, Inc.*, 6 F.4th at 888.  In doing so, the Eighth Circuit found that "[i]t is undisputed that FishDish missed the mandatory 14-day time limit" to object to the Claim Objection Order under Bankruptcy Rule 8002(a)(1).  *Id.*  "Because the appeal deadline is mandatory, because [appellant] missed it, and because [appellee] raised the issue in its motion to dismiss, the appeal must be dismissed."  *Id.*, at 887–88 (quoting *In re Tennial*, 978 F.3d 1022, 1026-27).  Thus, even if it ever had one, appellant has no remaining claim against Broadmoor.  With no remaining claim against Broadmoor, no discovery would be appropriate, and appellant cannot challenge the disbursement of funds to Broadmoor.

Still, appellant argues that it may move for reconsideration of the Broadmoor claim under Title 11, United States Code, Section 502(j). (Doc. 99, at 10). Appellees contend any argument regarding 502(j) is not proper before this Court because appellant did not previously raise the issue on appeal and the argument set forth is both meritless and untimely. (Doc. 100). Appellant asserts that its 502(j) argument merely demonstrates that Broadmoor's claim is not unassailable. (Doc. 101, at 3).

Chapter 11, United States Code, Section 502(j) provides, in relevant part: "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." This argument is made for the first time here and the Court rejects it as untimely and meritless. "§ 502(j) . . . was never designed to serve as a substitute for an appeal." *In re Patriot Coal Corp.*, 511 B.R. 563, 567 (B.A.P. 8th Cir. 2014). Appellant has appealed. The Eighth Circuit found it failed to timely object to the claim objection order. Appellant now suggests it can circumvent that decision using Section 502(j). Appellant is mistaken. Appellant failed to appeal that decision. It is the law of the case and decided that appellant's appeal on that ground is over. Broadmoor has a final $54 million claim which appellant cannot reach.

Thus, the Court **rejects** appellant's argument that the Broadmoor Claim may be equitably subordinated or recharacterized.

## V. *CONCLUSION*

For the foregoing reasons, appellees' Renewed Motion to Dismiss Appeal is **denied**. The bankruptcy court's

- March 20, 2019, Orders Approving Amended Disclosure Statement,
- April 3, 2019, Order Denying Protective Motion of the Ad Hoc Committee,

24

- April 16, 2019, Order Denying Motion of Preferred Equity Shareholder FishDish for Leave to Initiate Limited Discovery; and
- April 22, 2019 and May 7, 2019, Orders Confirming the Plan are **affirmed**.  (Doc. 72, at 5).

**IT IS SO ORDERED** this 12th day of April, 2022.

_____
C.J. Williams
United States District Judge
Northern District of Iowa